## Commonwealth v. Mathis

*James K. Vogel, assistant district attorney,* for the Commonwealth.

*Carmela R.M. Presogna,* for defendant.

LEVIN, *J.,* February 20, 1991 — On September 11, 1990, defendant, Charles S. Mathis, was convicted by jury verdict in the Erie County Court of Common Pleas of robbery and simple assault. Prior to imposition of sentence, defendant Mathis filed a

2

motion for new trial and/or arrest of judgment. On October 26, 1990, an order was entered by this court denying the motion. On January 8, 1991, defendant was sentenced to an indefinite term of incarceration on the robbery charge, the minimum term of which was to be six months and the maximum to be one year. As to the assault charge, defendant was also sentenced to an indefinite term of six months minimum and one year maximum. The sentences were ordered to run concurrently.

Inasmuch as defendant has appealed the verdict and findings of this court, the within opinion addresses both those issues raised by defendant in his motion for new trial and issues enumerated in response to an order of court requesting grounds for appeal pursuant to Pennsylvania Rule of Civil Procedure 1925.

The gravamen of defendant's appeal involves a recording of a phone conversation between defendant and the victim. This involved a telephone call recorded by defendant after the above crimes were committed but prior to trial. The victim did not know she was being recorded. Defendant asserts that within these recordings, the victim admitted that he was not the man who accosted her. Defendant contends that this court committed error when it refused to allow this tape to be played for the jury and admitted to evidence. It has been stipulated by defendant that this recording was obtained unlawfully and that the Commonwealth has standing as an aggrieved person under the Wiretap Act to object to its admissibility.

Recordings of this nature are governed by the Wiretap Act, 18 Pa.C.S. §5701 et seq. This law is unambiguous regarding the admissibility of recordings similar to defendant's. 18 Pa.C.S. §5721. The act clearly prohibits the kind of activity, recording a

conversation, in which defendant was engaged. The act provides that a person is guilty of a third-degree felony if he or she willfully intercepts any wire or oral communication. 18 Pa.C.S. §5703. Wire communications include telephone communications such as the one here at issue. 18 Pa.C.S. §5702. The person whose communication is intercepted in violation of the act has a civil cause of action against the person intercepting the communication. 18 Pa.C.S. §5725. At any trial, hearing or adversary proceeding, an aggrieved party may move to suppress the contents of the illegally intercepted communication. 18 Pa.C.S. §5721 provides for no exceptions to the rule that evidence illegally obtained is not admissible in courts of the Commonwealth.

Defendant contends that his Sixth Amendment right to confrontation is being denied by the fact that he cannot use this illegally obtained evidence to impeach a witness against him. This argument, however, ignores that fact that this victim/witness did take the stand and testify against defendant, and that defendant did attempt to impeach her credibility with prior inconsistent statements. He suffers no prejudice but the exclusion of evidence he admits was illegally obtained. Defendant could also have taken the stand himself and related this conversation. He was within his rights not to do so, but the opportunity did exist.

Defendant supports his position by reference to what he argues is the inherent reliability of this recording. The court cannot agree with this conclusion. Defendant made this recording unsupervised, and was in sole control of the recording device. He was free to omit or delete whatever portions of the conversation were not to his liking. Defendant acknowledged that this phone call was set up by him through a third person in an admitted attempt to get

4

the victim to make admissions beneficial to him. There exists the possibility that threats were made but deleted from the tape. There are absolutely no indicia of reliability to support the admission of this tape.

Even assuming, arguendo, that there were overwhelming indicia of reliability, this recording would not be admissible. It was obtained in violation of the Wiretap Act and that act makes no exceptions for admissibility of illegal interceptions. See *Commonwealth v. DeBlase,* 357 Pa. Super. 71, 515 A.2d 564 (1986), *appeal denied,* 516 Pa. 639, 533 A.2d 711, *appeal dismissed,* 517 Pa. 323, 536 A.2d 339.

The Supreme Court of Pennsylvania has addressed this issue in a similar circumstance. In the case of *Commonwealth v. Brachbill,* 520 Pa. 533, 555 A.2d 82 (1989), the court addressed the admissibility of a police officer's testimony regarding a conversation he "intercepted" while listening on an extension. He had the permission of one party to do so. The court concluded that the contents of such an illegal interception in violation of the Wiretap Act should be suppressed. The court premised this conclusion on the legitimate expectation of privacy in our society. *Brachbill,* citing *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed. 2d 176 (1969); *Commonwealth v. Helms,* 234 Pa. Super. 537, 343 A.2d 362 (1975). The court found that even if one party may possibly have voluntarily participated in the interception, that alone cannot override a clear violation of the Wiretap Act. Therefore, if an interception by a police officer, which does have some indicia of reliability, must be suppressed, an interception in the sole control of a defendant cannot be deemed admissible.

Defendant argues the probative value of this evidence, but ignores the illegality of its origin. Were

this evidence legally obtained, then a balancing test involving probative value may have been utilized. However, in this case the evidence proffered was, by defendant's own admission, illegally obtained. The Wiretap Act specifically provides that this interception constitutes a felony and should be suppressed. We never reach this type of balancing test.

In an instructive recent decision, the Pennsylvania Superior Court addressed the statutory purpose of the Wiretap Act as follows:

"The definition of aggrievement under the Wiretapping Act refers implicitly and unquestionably to the violation of privacy which an unlawful interception involves. In authorizing the suppression of unlawful interceptions and their fruits, the act is intended to mitigate the invasion of privacy involved in the unlawful interceptions by preventing its use against the person whose privacy was violated in any administrative, civil or criminal proceeding. Though the price of privacy thus purchased is often steep, it is readily apparent that our legislature weighed society's interests in the personal privacy of individuals against the society's interest in having all relevant evidence thus obtained presented in administrative, civil and criminal proceedings, and found the balance favored the personal privacy interests of individuals. The wisdom of the balance struck regarding the statutory exclusionary rule is, of course, a question for legislators and voters rather than judges." *Commonwealth v. DeMarco,* 396 Pa. Super. 357, 578 A.2d 942 (1990).

Thus, the legislature has done its own balancing test, weighing the right of privacy against the public interest in the exposure of relevant evidence. By enacting the suppression provisions of the Wiretap Act, it is apparent that the legislature found the right

to privacy paramount. Therefore, this court affirms its previous order denying defendant's motion for a new trial and/or arrest of judgment.

All additional grounds for appeal specified by defendant involve questions of fact. The jury is the trier of fact and not the court. As there was relevant evidence presented as to each and every element of the offense charged, this court will not second-guess the jury conclusions.

## ORDER

And now, February 20, 1991, it is hereby ordered, adjudged and decreed that this court's order of October 26, 1990, denying defendant's motion for new trial and/or arrest of judgment, is hereby affirmed.